

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable J. M. Rieger
County Attorney
Stephens County
Breckenridge, Texas

Dear Sir:

Opinion No. O-1602

Re: Residence of Miss Neita
I. Jackson and the liability
of Stephens County for hos-
pital expenses for her.

We have your letter of October 17 on the above
subject. We wish to thank you for the citation of author-
ities which accompanied your letter. The proposition upon
which you asked for an opinion is quoted from your letter
as follows:

"The Honorable A. J. Morgan, County
Judge of Stephens County has asked this
writer for an opinion concerning the resi-
dence or domocile of Miss Neita I. Jackson;
and the liability of Stephens County for
hospital expenses for her, while confined
in a mental hospital in Washington, D. C.
Or whether said county is obligated in law
to receive such person from the said
hospital and relieve said hospital of her
care entirely.

"Miss Neita I. Jackson is a single
woman of the age of 29 years; she once
lived at Breckenridge for a time, where
she had and now has some relatives. She
left Breckenridge-Stephens County-about
the first of 1935 and went to Dallas, where
she also has relatives. It seems that
she has no parents living.

"While in Dallas she took Civil Ser-
vice Examination to work in Post Office
in Washington, D. C. She was employed and
took position in P. O. in District of
Columbia in early part of 1936.

"On March 24, 1937, she was admitted
to a Mental Hospital for some derangement
of the mind, and remained in the hospital
until January, 1938; at which time she

was discharged. When discharged she
returned to Texas-Dallas and Stephens Coun-
ties.

"She returned to Washington on August
14, 1938 to take up her work; but oh the
following day, she was again admitted to
the same hospital. She is now confined in
said hospital.

"Under the law and facts, - At the
time this subject was first confined in
the hospital, - was she a resident of
Stephens County, Texas? Was she such
citizen at the second entry into such
hospital? Would the law justify the
County Judge of Stephens County in cer-
tifying that she was at either time mention-
ed, or at the present time, a citizen of
Stephens County, Texas?"

The Federal statute which we believe to be appli-
cable to this situation are Sections 201, 206 and 207 in
Volume 24 of the United States' Code Annotated, which read:

"201. Admission of indigent insane
of District of Columbia. All indigent
insane persons residing in the District of
Columbia at the time they became insane
shall be entitled to the benefits of
Saint Elizabeths Hospital. An indigent
insane person within the meaning of this
section shall be one who is insane and
unable to support himself and family, or
himself, if he has no family.

"206. Admission of nonresidents of
District. Any indigent insane person who
did not reside in the District at the time he
became insane may be admitted into the
hospital at the expense of the District
during the continuance of such insane person
therein.

"207. Return of nonresident indi-
gent insane. It shall be the duty of
the Commissioners of the District of
Columbia, so soon as practicable, to
return to their places of residence or to
their friends all indigent insane

persons not residing in the District
at the time they became insane who
shall be committed to Saint Elizabeths
Hospital to be temporarily cared for,
as provided in this chapter, and all
necessary expenses incurred by the
Commissioners in ascertaining the local-
ity where such persons or their friends
belong and in returning them to such
locality shall be defrayed by the
District of Columbia."

The applicable Texas statutes are Articles 2351, 4279, and 4280, Revised Civil Statutes, 1925, which we like-wise quote:

"Art. 2351. Certain Powers Speci-
fied. Each commissioners' court shall:
. . .

"Provide for the support of paupers
and such idiots and lunatics as cannot
be admitted into the lunatic asylum,
residents of their county, who are unable
to support themselves. By the term
resident as used herein, is meant a person,
who has been a bona fide inhabitant of
the county not less than six months and of
the State not less than one year."

"Art. 4279. Liability for Mainte-
nance. Where the person of unsound mind
or habitual drunkard has no estate of
his own, he shall be maintained:

"1. By the husband or wife of such
person, if able to do so.

"2. By the father or mother of such
person, if able to do so.

"3. By the children and grandchildren
of such person, if able to do so.

"4. By the county in which said
person has his residence.

"Art. 4280. Expenses of Confine-
ment. The expenses attending the con-
finement of an insane person shall be

paid by the guardian out of the estate
of the ward, if he has an estate; and
if he has none, such expense shall be
paid by the person bound to provide for
and support such insane person, and if
not so paid, the county shall pay the
same."

Whether Stephens County is liable for the hospitalization of Miss Jackson (assuming that she have no estate nor immediate family capable of doing so) depends, of course, on the question of her residence. It is our opinion that you have correctly set out in your letter and brief the law which governs, but the determination of the matter must depend upon fact questions involving the intent of Miss Jackson at various times, which this department is, of course, prohibited from passing on. It is, therefore, our opinion that the question must be decided by the Commissioners' Court of your county upon all available facts.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By /s/ Walter R. Koch
        Walter R. Koch
            Assistant

By /s/ Grundy Williams
        Grundy Williams

APPROVED NOV. 18, 1939

/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
    By       BWB
        Chairman

GW:FG:cs